IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH KNIGHT, | )<br>)<br>) |
| Plaintiff, | ) Docket No. 2:19-CV-02461<br>)<br>) Judge Surrick |
| v. | )<br>) |
| PUBLIC PARTNERSHIPS LLC, | )<br>) |
| Defendant. | )<br>) |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS
<u>MOTION TO DISMISS BASED ON PRECLUSION</u>**

Plaintiff, Deborah Knight, is prohibited from maintaining this wage and hour action because a necessary predicate to each of her claims is that Defendant, Public Partnerships LLC ("PPL"),[1] must be her employer—and this exact issue was resoundingly rejected by Judge Schmehl in his dismissal of Plaintiff's first action against PPL, the *Talarico* Litigation. *Talarico v. Public Partnerships, LLC, d/b/a PCG, Public Partnerships*, No. 17-cv-02165 (Schmehl, J.) (the "*Talarico* Litigation") (Memorandum and Order, ECF Docs. 202-203), *appeal docketed,* No. 20-1412 (3d Cir. Feb. 27, 2020).[2] Re-litigating issues and claims, and the lack of judicial economy which comes along with it, is exactly what the preclusion doctrines are meant to prevent. Accordingly, PPL moves to dismiss this litigation with prejudice pursuant to the doctrine of collateral estoppel, or, in the alternative, res judicata, pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] The caption of Plaintiff's Complaint improperly lists three separate addresses for the same defendant party. During the December 9, 2019, Initial Case Management Conference, the parties agreed, with the Court's approval, to list the defendant in the caption of this case moving forward as "Public Partnerships LLC."

[2] As described in Section III.C.2 herein, the pendency of an appeal has no bearing on the preclusive effects of Judge Schmehl's decision.

1

I.     **FACTS AND PROCEDURAL HISTORY**

From August 2016 to the present, Plaintiff has provided home health care, companionship, and other personal care services to a participant in a federal Medicaid program. (*See* ECF Doc. 1, at paras. 7-9). Plaintiff claims incorrectly that PPL, as her alleged joint employer, has not paid her overtime wages to which she is entitled. (*Id.* at paras. 11-17). The procedural history of Plaintiff's claims, however, necessarily begins with the *Talarico* Litigation.

A.     **The *Talarico* Litigation**

On May 11, 2017, Ralph Talarico ("Plaintiff Talarico"), on behalf of himself and all others similarly situated, filed a Complaint in this Court against PPL alleging claims under the Fair Labor Standards Act ("FLSA"),[3] the Pennsylvania Minimum Wage Act ("MWA"),[4] and the Pennsylvania Wage Payment and Collection Law ("WPCL")[5] seeking payment of unpaid overtime wages. (*Talarico* Litigation, Complaint, ECF Doc. 1).[6] Plaintiff Talarico claimed that PPL, as his alleged joint employer,[7] did not pay him the overtime wages to which he was entitled for providing companionship, personal care, and other in-home services to individuals enrolled in the federal Medicaid program. (*Id.*).[8] PPL, however, is not Plaintiff Talarico's employer or joint employer but rather served as the fiscal and payroll agent for Plaintiff Talarico's actual employer who is a participant in the federal Medicaid program. PPL's role as a fiscal agent in

---

[3] 29 U.S.C. §§ 201, *et seq.*
[4] 43 P.S. §§ 333.103, *et seq.*
[5] 43 P.S. §§ 260.1, *et seq.*
[6] The *Talarico* Complaint was later amended on September 14, 2018. (*Talarico* Litigation, Amended Complaint, ECF Doc. 78).
[7] There is no dispute that the Medicaid program participants for which Plaintiff Talarico and the other workers provided services are these workers' "employers." Neither Plaintiff Talarico nor Plaintiff Knight argue that PPL is his or her sole employer. Rather, the threshold issue for purposes of the claims at issue is whether PPL is a joint employer. (*Talarico* Litigation, Memorandum, ECF Doc. 202).
[8] The *Talarico* Litigation, as well as the statutory scheme on which these matters are based, refers to these home care workers as "direct care workers" ("DCWs"). (*See, e.g., Talarico* Litigation, Amended Complaint, ECF Doc. 78 at para. 11).

the statutorily dictated Medicaid program—and whether that makes PPL a joint employer of the DCWs—was the threshold issue in the *Talarico* Litigation.  (*See, e.g., Talarico* Litigation, Motion for Summary Judgment, ECF Doc. 158).

Plaintiff Talarico brought his FLSA claim on behalf of "all direct care workers in Pennsylvania who were employed by PPL between January 1, 2015, and the date of final judgment in this matter [the *Talarico* Litigation], and who worked over 40 hours in one or more weeks."  (*Talarico* Litigation, Memorandum/Opinion, ECF Doc. 71).  He brought his MWA and WPCL claims on behalf of "all direct care workers in Pennsylvania who have been or will be employed by [PPL] at any time between . . . [] May 11, 2014 [] and until the date of final judgment in this matter."  (*Talarico* Litigation, Amended Complaint, ECF Doc. 78, para. 62). Judge Schmehl conditionally certified the class and collective action on August 20, 2018, approving three law firms—Cohen Milstein Sellers & Toll, PLLC, Arnold Beyer & Katz, and Nichols Kaster, PLLP—to serve as class counsel.  (*Talarico* Litigation, Amended Order, ECF Docs. 73).

Plaintiff, falling within the description of the conditionally certified class in the *Talarico* Litigation, elected to opt in to the *Talarico* Litigation by signing and filing a Consent Form on October 17, 2018.  (*Talarico* Litigation, Notice, ECF Doc. 102).  Her Consent Form expressly stated that "[a]s a Plaintiff in this action, I agree to be bound by any judgment of the Court …" and that "I choose to be represented by Cohen Milstein Sellers & Toll PLLC, Nichols Kaster, PLLP, and Arnold, Beyer, and Katz Law Firm for all purposes in this action and authorize them to take any steps necessary to pursue my claims . . ." (*Talarico* Litigation, Consent to Join Collective Action, ECF Doc. 102-4, p. 11).

The parties in the *Talarico* Litigation proceeded with discovery and, on March 8, 2019, PPL filed a Motion for Summary Judgment on all counts of the *Talarico* Complaint based on its argument that PPL was not a joint employer of the DCWs, did not perform any of the duties of an employer in fact and in law, and solely acted as the fiscal agent under the statutorily mandated roles of this Medicaid program and, therefore, could not be liable under any of the statutes at issue. (*Talarico* Litigation, Motion for Summary Judgment, ECF Doc. 158). The Motion was fully briefed to the Court as of April 26, 2019. (*Talarico* Litigation, Reply to Response to Motion for Summary Judgment, ECF Doc. 171). Plaintiff remained a member of the conditionally certified class throughout this entire discovery and briefing process. On July 10, 2019, Judge Schmehl held oral argument on PPL's Motion for Summary Judgment. (*Talarico* Litigation, Minute Entry, ECF Doc. 183). The conditionally certified class, which included Plaintiff, was represented by no fewer than three law firms during the entirety of the discovery period and Motion for Summary Judgment briefing and argument.

In the meantime, on May 29, 2019—more than two months after PPL filed its Motion for Summary Judgment in the *Talarico* Litigation —Plaintiff unilaterally filed a "Notice of Withdrawal" in the *Talarico* Litigation. (*Talarico* Litigation, Notice of Withdrawal of Opt-in Plaintiffs, ECF Doc. 177). This "Notice of Withdrawal" contained no explanation or proposed court order dismissing Plaintiff as a party plaintiff, and Judge Schmehl did not dismiss Plaintiff as a party plaintiff at that time. (*Id.*)

**B.     The Instant Lawsuit**

On June 5, 2019, one week after filing her "Notice of Withdrawal" in the *Talarico* Litigation, Plaintiff filed the instant Complaint alleging claims under the FLSA and WPCL seeking payment for unpaid overtime wages. (ECF Doc. 1). With the exception of the *Talarico* Litigation's claim under the MWA—which Plaintiff does not allege in the instant Complaint—the

4

Complaint in the *Talarico* Litigation is otherwise substantively identical to the instant Complaint. They both allege that PPL failed to pay overtime wages to its DCWs. (*Talarico* Litigation, Amended Complaint, ECF Doc. 78; ECF Doc. 1).

On July 16, 2019, PPL filed a Motion to Dismiss the Complaint in this matter because Plaintiff asserted the same claims against the same defendant, but in a separately filed litigation. (ECF Doc. 9). Specifically, Plaintiff was engaging in impermissible claim-splitting because she was already pursuing identical claims against PPL as a plaintiff in the *Talarico* Litigation and had not properly withdrawn her opt-in consent. (*Id.*) In response to PPL's Motion to Dismiss—and at the time in which PPL's Motion for Summary Judgment in the *Talarico* Litigation was awaiting decision only—Plaintiff finally sought permission from Judge Schmehl to withdraw as a plaintiff from the *Talarico* Litigation, which Judge Schmehl granted on October 2, 2019. (*Talarico* Litigation, Order, ECF Doc. 189). Because PPL's Motion to Dismiss in this matter was rendered moot, the Court denied PPL's Motion. (ECF Doc. 14).[9]

PPL answered Plaintiff's Complaint on November 1, 2019. (ECF Doc. 21). PPL has maintained at all times during the instant litigation and the *Talarico* Litigation that it is not the DCWs' employer and thus cannot be liable to them under any wage payment statutes.

### C.   Judge Schmehl's Decision in the *Talarico* Litigation

On January 28, 2020, Judge Schmehl granted PPL's Motion for Summary Judgment on all claims in the *Talarico* Litigation on the basis that "no reasonable jury could conclude that Plaintiff was an employee of PPL." (*Talarico* Litigation, Memorandum, ECF Doc. 202). Judge Schmehl undertook a detailed analysis of the parties' arguments under Third Circuit precedent

---

[9] PPL requested a stay in the instant litigation in light of the substantially similar but more procedurally advanced proceedings in the *Talarico* Litigation (and Plaintiff's status as a party during them), but its request was not granted. (ECF Doc. 16).

governing joint employer relationships.  In so doing, he held that the plaintiff could not meet any of the four elements of the joint employer test set forth by the Third Circuit in *In re Enterprise Rent-A-Car Wage & Hour Emp't Practices Litig.*, 683 F.3d 462, 467-68 (3d Cir. 2012).  (*Id.*)  Thus, Judge Schmehl dismissed the Complaint in its entirety and ordered the Clerk to close the case.  (*Id.*)[10]

Plaintiff Talarico has appealed Judge Schmehl's decision to the Third Circuit.  (*See* Third Cir. Docket No. 20-1413).  Appellant's opening brief is presently due to be filed on May 20, 2020.

### III.     ARGUMENT

Plaintiff's claims allege that PPL is a joint employer, which is the exact issue that was fully discovered, briefed, argued, and judicially decided against her in the *Talarico* Litigation.  Plaintiff cannot be permitted a second bite at the apple in the instant litigation and her case must be dismissed.

> **A.     The Doctrines of Collateral Estoppel and Res Judicata Are Appropriate Vehicles for Dismissing Plaintiff's Complaint Where Both Cases Involve the Same Legal Question of Joint Employer Status.**

Collateral estoppel (also known as issue preclusion) and res judicata (also known as claim preclusion) are "related, but distinct, concepts."  *Sheridan v. NGK Metals Corp.*, No. CIV.A. 06-5510, 2008 WL 2156718, at *9 (E.D. Pa. May 22, 2008), *aff'd*, 609 F.3d 239 (3d Cir. 2010) (quoting *Hofmann v. Pressman Toy Corp.,* 193 Fed. App'x. 121, 123 (3d Cir. 2006)).  Both doctrines "serve the same policy goals of conservation of judicial resources, fostering reliance on judicial action, and avoidance of the expense and vexation accompanying multiple

---

[10] Judge Schmehl is not the only one to have held that fiscal agents like PPL are not employers of the DCWs.  For example, PPL cited various collateral administrative decisions holding that PPL was not a joint employer of the DCWs in analogous factual situations to its Summary Judgment Motion in the *Talarico* Litigation.  (*See* Talarico Litigation, Memorandum in Support of Motion for Summary Judgment, Doc. 158-2, Exhibit P).

6

lawsuits." *Id.* Courts routinely apply these preclusion doctrines to dismiss plaintiffs' claims. *See, e.g.., Shellenberger v. United Parcel Serv.*, No. CIV.A. 05-2266, 2006 WL 208683, at *3 (E.D. Pa. Jan. 25, 2006); *Magoni-Detwiler v. Pennsylvania*, 502 F. Supp. 2d 468, 477 (E.D. Pa. 2007), *aff'd* 293 F. App'x 928 (3d Cir. 2008).

Collateral estoppel and res judicata are affirmative defenses that defendants may raise in Rule 12(b)(6) motions to dismiss. *Walzer v. Muriel, Siebert & Co.*, 221 F. App'x 153, 155 (3d Cir. 2007); *see also Muhammad v. Oliver,* 547 F.3d 874, 878 (7th Cir. 2008) (noting that considering preclusion defenses as part of a Rule 12(b)(6) motion may avoid "unnecessary judicial waste"). In deciding motions to dismiss based on these preclusion doctrines, courts may take notice of all facts necessary for the decision, including the record from a previous court proceeding involving the parties. *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008); *Stolarick v. Keycorp*, No. CV 17-0593, 2017 WL 4642312, at *1 (E.D. Pa. Oct. 17, 2017). Here, the record in the *Talarico* Litigation shows extensive discovery involving Plaintiff Talarico and other DCWs (such as Plaintiff) and participant-employers, all of which focused on PPL's joint employer status.

### B. The Doctrine of Collateral Estoppel Requires Dismissal of Plaintiff's Complaint Because Judge Schmehl Previously Considered and Rejected the Issue of PPL's Joint Employer Status.

Because Judge Schmehl previously adjudicated the predicate issue on which each of Plaintiff's claims against PPL rest, Plaintiff's Complaint is a classic case example of a later action to which the doctrine of collateral estoppel applies.

#### *1.  Purpose and Standard for Collateral Estoppel*

The Supreme Court has explained collateral estoppel as follows:

> This Court has long recognized that "***the determination of a question directly involved in one action is conclusive as to that***

7

> *question in a second suit.*" *Cromwell v. County of Sac*, 94 U.S. 351, 354 (1877). The idea is straightforward: Once a court has decided an issue, it is "forever settled as between the parties," *Baldwin v. Iowa State Traveling Men's Assn.*, 283 U.S. 522, 525 (1931), thereby "protect[ing]" against "the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent verdicts," *Montana v. United States*, 440 U.S. 147, 153–154 (1979). In short, "a losing litigant deserves no rematch after a defeat fairly suffered." *Astoria Fed. Sav. & Loan Assn. v. Solimino*, 501 U.S. 104, 107 (1991).

*B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015) (emphasis added; citations modified). These principles apply equally to actions filed by individual class members following class action litigation. *See Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984).

Litigants in the Third Circuit must establish the following elements to invoke a collateral estoppel defense: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Szehinskyj v. Attorney Gen. of the United States*, 432 F.3d 253, 255 (3d Cir. 2005) (quoting *Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 209 (3d Cir. 2001)).

### 2. The Question of Joint Employment Was at the Heart of and Critical to Judge Schmehl's Final Determination

A necessary predicate to each of Plaintiff's claims—claims for unpaid wages under the FLSA and WPCL—is that PPL was Plaintiff's joint employer. Judge Schmehl conclusively determined in the *Talarico* Litigation that PPL was *not* an employer of Plaintiff or any of the other DCWs, forever settling this issue between the parties. PPL can handily demonstrate all four elements of a collateral estoppel defense.

<u>First</u>, the issue of whether PPL and DCWs like Plaintiff maintained a joint employer/employee relationship for purposes of the wage payment statutes was at the heart of the *Talarico* Litigation and is again central to Plaintiff's claims and PPL's defenses in this matter. (*See, e.g.,* Complaint and Answer, ECF Docs 1, 21). Not only does Plaintiff allege in her Complaint that she was a DCW who was not properly paid by her alleged joint employer, PPL, but Plaintiff affirmatively opted into the *Talarico* Litigation to pursue these same claims against PPL in that action. Plaintiff has alleged no facts in the instant Complaint, nor is PPL aware of any such facts, distinguishing her status as an alleged employee of PPL from the status of the DCW class in the *Talarico* Litigation (which Plaintiff chose to be part of, and remained part of, for over seven months including through the end of discovery). The claims in both actions are wage and hour claims, the foundation of which is that allegedly PPL was an employer and the plaintiffs were its employees. This is the exact issue Judge Schmehl adjudicated in his summary judgment decision and the defense that PPL has asserted in both actions. (*Talarico* Litigation, Memorandum, ECF Doc. 202). Preventing two courts in the same district from having to adjudicate the exact same issue promotes the conservation of judicial resources and avoids unnecessary expense—the very objectives collateral estoppel is meant to achieve. *See B & B Hardware, Inc.*, 575 U.S. at 147 (2015); *Hofmann,* 193 Fed. App'x. at 123 (3d Cir. 2006).

<u>Second</u>, the parties actually litigated the issue of whether PPL was a joint employer of the DCWs. Indeed, PPL's Motion to Dismiss, the scope of the conditional class certification, and PPL's Motion for Summary Judgment focused entirely on PPL's joint employer status while Plaintiff remained and continued as a member of the conditional class. PPL filed a Motion to Dismiss/Motion for Summary Judgment in the *Talarico* Litigation on June 16, 2017 on this basis (*Talarico* Litigation, Motion for Summary Judgment and Brief, ECF Docs. 11-12) and Judge

9

Schmehl denied it without prejudice so that PPL could refile it after the close of discovery on this issue (*id.*, Order, ECF Doc. 42). The parties then proceeded to take discovery on the issue of whether PPL and the DCWs maintained a joint employer/employee relationship. The parties did not dispute the context of the Medicaid program under which they were operating or the fact that the participant was the DCWs' employer; rather, the sole focus was whether PPL was a joint employer. The parties exchanged written discovery requests and took over 11 depositions including multiple DCWs and Participant Employers. PPL then re-filed its Motion for Summary Judgment on March 8, 2019 on the basis that it was not the DCWs' joint employer (*Talarico* Litigation, Motion for Summary Judgment, ECF Doc. 158); plaintiffs opposed it on April 8, 2019 (*id.,* Response in Opposition to Motion for Summary Judgment, ECF Doc. 165); and PPL replied on April 26, 2019 (*id.*, Reply in Response to Motion for Summary Judgment, ECF Doc. 171).[11] The parties argued this issue before Judge Schmehl on July 10, 2019. (*Talarico* Litigation, Minute Entry, ECF Doc. 183). There can be no dispute that PPL's status as an employer of DCWs in a federal Medicaid program was actually litigated in the *Talarico* Litigation.

<u>Third</u>, Judge Schmehl's determination that PPL was not a joint employer of the DCWs was necessary to his decision to grant summary judgment. (*Talarico* Litigation, Memorandum, ECF Doc. 202). In fact, the opening paragraph of Judge Schmehl's January 28, 2020 Memorandum reads: "Having read the parties' briefing and after oral argument on the issue, I find that no reasonable jury could conclude that Plaintiff was an employee of PPL. Accordingly, I will grant PPL's Motion for Summary Judgment and dismiss this action in its entirety." (*Id*.). Judge Schmehl spent no fewer than nine pages of his Memorandum explaining and adjudicating

---

[11] The briefing on this issue was extensive, with both parties seeking and obtaining permission to file 40-page opening briefs (*Talarico* Litigation, Order, ECF Doc. 159) and submitting approximately 50 exhibits combined.

why PPL was not the employer or the joint employer of Plaintiff Talarico or any of the other DCWs. (*Id*. at pp. 10-18). Judge Schmehl carefully considered each of the four joint employer factors prescribed by the Third Circuit in *In re Enterprise Rent-A-Car Wage & Hour Emp't Practices Litig.*, 683 F.3d 462, 467-68 (3d Cir. 2012). (*Id.*). He described each factor, applied each factor to the record evidence, considered the parties' arguments as to each, and determined that Plaintiff Talarico failed to satisfy any elements of the test. (*Id.*).[12]

Finally, Plaintiff was fully represented by class counsel in the *Talarico* Litigation at all times relevant to the decision granting summary judgment for the simple reason that, as an opt-in class member, she was a party to the *Talarico* Litigation during these times. *See Halle v. W. Penn Allegheny Health Sys. Inc*., 842 F.3d 215, 225 (3d Cir. 2016) (quoting 7B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1807 (3d ed. 2016)) ("every plaintiff who opts in to a collective action has party status"). Her opt-in consent from expressly identified her attorneys for purposes of the *Talarico* Litigation and authorized them to take actions on her behalf. (*Talarico* Litigation, Consent to Join Collective Action, ECF Doc. 102-4, p. 11). Plaintiff was fully represented during briefing, discovery, and oral argument on the Motion for Summary Judgment. The fact that she withdrew from the class just prior to Judge Schmehl actually issuing his decision—*but when all operative steps in the parties' litigation of the matter had long been completed*—is of no consequence. For purposes of collateral estoppel, a defendant establishes this element if the plaintiff participated in the litigation or had the

---

[12] To the extent Plaintiff claims that the parties' employer/employee relationship was not necessary to Judge Schmehl's dismissal of the *Talarico* Litigation's WPCL claim—as opposed to the FLSA claim—PPL rejects this argument. The law is clear that "[f]or the WPCL to apply, an employer-employee relationship is required." *Gladstone Tech., Partners, LLC v. Dahl*, 222 F. Supp. 3d 432, 439 (E.D. Pa. 2016) (citing *Urbano v. Stat. Courier Inc.*, 878 A.2d 58, 61 (Pa. Super. 2005)). Thus Judge Schmehl's Opinion disposes of the WPCL claim on the same grounds as the FLSA claim. In any event, Plaintiff (like Plaintiff Talarico) did not allege anywhere in the Complaint that she had a contract or agreement with PPL entitling her to wages. The issue and determination in both litigations is the same: there is neither an employment relationship, nor a contract between the DCWs and PPL such that either plaintiff may proceed with a WPCL claim.

opportunity to present argument in the litigation. *See Nat'l Med. Imaging, LLC v. Ashland Funding LLC*, 648 F. App'x 251, 255 (3d Cir. 2016). Here, Plaintiff did both; she participated throughout all of the extensive discovery conducted by her well-established and effective national counsel, and her counsel briefed and presented argument on the very same threshold issue of the instant case: whether PPL is a joint employer. Plaintiff cannot credibly argue that, for purposes of collateral estoppel, the fact she was no longer a party-plaintiff when Judge Schmehl actually docketed his decision a few months after her withdrawal, makes any material difference. Rather, the underlying purposes of preclusion are best fulfilled by preventing Plaintiff from re-litigating an issue that has already been litigated on her behalf. In sum, because the question of whether PPL is Plaintiff's joint employer was "forever settled as between the parties" when Judge Schmehl's decision answered it in the negative, collateral estoppel requires dismissal of Plaintiff's claims. *B & B Hardware, Inc.,* 575 U.S. at 147 (2015) (quoting *Baldwin*, 283 U.S. at 525 (1931)).

> **C.    In the Alternative, the Doctrine of Res Judicata Requires Dismissal of Plaintiff's Complaint Because Judge Schmehl's Determination that PPL is Not a Joint Employer is a Final Decision Binding Upon Plaintiff.**

As set forth above, collateral estoppel bars Plaintiff from pursuing her Complaint because her claims rest on the premise that PPL is her joint employer, an issue already decided against her in this District. As a supplement to PPL's argument and in the event that this Court finds that collateral estoppel does not apply, its sister doctrine—res judicata—also requires dismissal of the Complaint for similar reasons.[13] Specifically, Judge Schmehl rendered a final judgment on the merits in the *Talarico* Litigation on a claim involving Plaintiff that she now seeks to re-assert in a second action.

---

[13] Based on the similarity between the two preclusion doctrines, PPL expressly incorporates its collateral estoppel arguments into its res judicata arguments where applicable.

12

### *1.     The Knight Case Represents Piecemeal Litigation of the Same Issue*

"The purpose of claim preclusion [res judicata] is to avoid piecemeal litigation of claims arising from the same events." *Phillips v. Transunion, LLC,* No. CIV.A. 12-1058, 2012 WL 1439088, at *6 (E.D. Pa. Apr. 25, 2012) (Surrick, J.) (quoting *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999).  As described by the Supreme Court, res judicata "is not a mere matter of technical practice or procedure" but "a rule of fundamental and substantial justice." *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299 (1917).  It is "central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions." *Montana v. United States*, 440 U.S. 147, 153–54 (1979); *see also E.E.O.C. v. U.S. Steel Corp.,* 921 F.2d 489, 492 (3d Cir. 1990).

In the Third Circuit, a party invoking res judicata must show that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Phillips,* at *6 (quoting *Duhaney v. Att'y Gen. of the United States,* 621 F.3d 340, 347 (3d Cir. 2010)); *see also Sims v. Viacom, Inc.*, 544 F. App'x 99, 101 (3d Cir. 2013).  The Third Circuit instructs courts not to apply these elements "mechanically," but, rather, to "focus on the central purpose of the doctrine . . . [to] avoid piecemeal litigation and conserve judicial resources." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010)).

### *2.     Plaintiff Is Subject to the Final Decision By Judge Schmehl*

Res judicata requires dismissal of Plaintiff's Complaint because the *Talarico* Litigation's summary judgment decision is a final judgment on the merits of the two claims Plaintiff now pursues in the instant litigation.

First, Judge Schmehl's summary judgment decision is a final judgment on the merits. *See Ostella v. IRBSearch, LLC,* No. CIV.A. 12-7002, 2013 WL 5777291, at *4 (E.D. Pa. Oct. 24, 2013) (quoting *Hubicki v. ACF Indus., Inc.* 484 F.2d 519, 524 (3d Cir. 1973)) (holding that it is "clear that summary judgment is a final judgment on the merits sufficient to raise the defense of res judicata in a subsequent action between the parties."). The pendency of the appeal in the *Talarico Litigation* has no bearing on the finality of Judge Schmehl's decision. *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009) ("the pendency of an appeal does not affect the potential for res judicata flowing from an otherwise-valid judgment"); *see also* Wright & Miller, 18A Fed. Prac. & Proc. Juris. § 4433 (3d ed.) (collecting cases and explaining why "the preclusive effects of a lower court judgment cannot be suspended simply by taking an appeal that remains undecided").

Second, the instant action involves the same parties because Plaintiff was a party-plaintiff to the *Talarico* Litigation at all times relevant to the summary judgment decision. *See supra* Section III.A.2. She affirmatively opted in to the action and was represented by counsel during discovery, summary judgment briefing, and oral argument. *See id.* The fact that she withdrew *after* summary judgment had been fully litigated but shortly *before* Judge Schmehl issued his decision is a red herring. In analyzing res judicata defenses in the class action context, the Third Circuit has expressly held that "[i]t is highly significant that adding parties to the class in a subsequent class action does not necessarily preclude parties from satisfying the second prong of the res judicata test, that the parties are the same or privies of the parties in the first action." *Blunt,* 767 F.3d at 278; *see also Gotthelf v. Toyota Motor Sales, U.S.A., Inc.,* No. CIV.A. 11-4429 JLL, 2012 WL 1574301, at *15 (D.N.J. May 3, 2012), *aff'd*, 525 F. App'x 94 (3d Cir. 2013) (recognizing that res judicata can apply to preclude a second action brought by class

14

members who were absent in the first class action). In other words, the fact that the party to be precluded was not a party-plaintiff at the time of the decision is not determinative. Any argument that the "same parties" are not involved for purposes of res judicata would ask this Court to apply res judicata "mechanically"—something the Third Circuit has expressly cautioned against. *Id.* at 277.

Finally, the causes of action in Plaintiff's Complaint, her FLSA and WPCL claims, were wholly contained in and disposed of in the *Talarico* Litigation. As described above in Section III.A.2, both actions asserted that PPL was a joint employer that did not appropriately pay its DCWs, including Plaintiff. *See Germantown Seventh-Day Adventist Church v. City of Phila.*, No. CIV.A. 94-6344, 1994 WL 719482, at *2 (E.D. Pa. Dec. 20, 1994) (noting that for purposes of this element of res judicata, courts examine the injury for which the claimant seeks redress). The claims in the *Talarico* Litigation and the instant litigation flow from the structure dictated by the Medicaid program and are identical in both form and substance. Accordingly, the principles of res judicata require dismissal of Plaintiff's Complaint.

## III. CONCLUSION

Permitting Plaintiff to continue pursuing the instant Complaint not only offers her a "second bite at the apple," but it drains judicial and litigant resources, creates piecemeal litigation, and undermines the finality of judgments in the Eastern District of Pennsylvania. This is exactly what the doctrines of collateral estoppel and res judicata prevent. For all of the reasons stated above, the Court should dismiss Plaintiff's Complaint on the basis of collateral estoppel, or, in the alternative, on the basis of res judicata.

|  |  |
|---|---|
|  | PUBLIC PARTNERSHIPS LLC |
|  | By its attorneys, |
| Dated: May 1, 2020 | */s/ Walter M. Foster* |
|  | Walter M. Foster (*admitted pro hac vice*) (MA 552917)<br>Eckert Seamans Cherin & Mellott, LLC<br>2 International Place, #1600<br>Boston, MA 02110<br>617.342.6853<br>wfoster@eckertseamans.com |
|  | Lindsey Conrad Kennedy (PA 318318)<br>Eckert Seamans Cherin & Mellott, LLC<br>U.S. Steel Tower, 600 Grant Street, 44th Floor<br>Pittsburgh, PA 15219<br>412.566.2105<br>lkennedy@eckertseamans.com |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| DEBORAH KNIGHT, | ) ) ) |
| Plaintiff, | ) Docket No. 2:19-CV-02461 ) |
| v. | ) Judge Surrick ) ) |
| PUBLIC PARTNERSHIPS LLC, | ) ) |
| Defendant. | ) ) ) |

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 1, 2020, I electronically filed the foregoing documents using the CM/ECF system and that I served the same by electronic filing via ECF, pursuant to the administrative procedures of the United States District Court for the Eastern District of Pennsylvania governing the filing and service by electronic means, upon all counsel of record as follows:

Marc A. Weinberg
Saffren and Weinberg
825 Greenwood Avenue
Suite 22
Jenkintown, PA 19046
mweinberg@saffwein.com

*/s/ Walter M. Foster*
Walter M. Foster