IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH KNIGHT : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 19-2461 |
| PUBLIC PARTNERSHIPS, LLC : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                  **JULY 7, 2020**

Presently before the Court is Defendant Public Partnerships, LLC's Motion to Dismiss under Rule 12(b)(6).  (ECF No. 32.)  Public Partnerships recently obtained summary judgment in a related class action suit.  Originally, Plaintiff Deborah Knight was a class member in that suit.  Without objection by Public Partnerships, she withdrew from the class before summary judgment was entered and elected to pursue her claims individually in this action.  The question presently before the Court is whether, under collateral estoppel or res judicata, summary judgment in the class action bars Knight's claims in this action.

**I.  BACKGROUND**

In May 2017, Ralph Talarico filed a class and collective action complaint against Public Partnerships.  (*Talarico v. Public Partnerships, LLC*, No. 17-2165 (E.D. Pa.), ECF No. 1.)  Talarico brought claims under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, and the Pennsylvania Wage Payment and Collection Law.  He alleged that Public Partnerships failed to pay him and other employees overtime wages.  *See Talarico v. Public Partnerships, LLC*, No. 17- 2165, 2020 WL 430845, at *1 (E.D. Pa. Jan. 28, 2020).  The court conditionally certified the class on August 20, 2018.  (*Talarico*, ECF No. 72.)  On September 29, 2018, Knight filled out a collective action consent form and joined the class.  (*Talarico*, ECF No. 102; *Talarico*, Ex. B to ECF No. 188.)

On March 8, 2019, Public Partnerships moved for summary judgment in *Talarico*. (*Talarico*, ECF No. 158.) Talarico filed a response in opposition on April 8, 2019. (*Talarico*, ECF No. 165.) On April 25, 2019, in accordance with ¶ 5 of the collective action consent form, Knight notified class counsel that she wished to withdraw from the class and pursue her claims individually. (*Talarico*, Exs. B & C to ECF No. 188.) On May 29, 2019, class counsel notified the court that several class members, including Knight, withdrew their membership from the class. (*Talarico*, ECF No. 177.)

On June 5, 2019, Knight filed this individual action against Public Partnerships and alleged the same claims as Talarico did in the class action. (ECF No. 1.) On July 16, 2019, Public Partnerships moved to dismiss this action under Rule 12(b)(6). It asserted that without a court order dismissing Knight from *Talarico* under Rule 41(a)(2), Knight was still a party to *Talarico* and unable to pursue her claims individually in a separate action. (ECF No. 9.) In a subsequent submission to the Court in this action, Public Partnerships represented that "[o]nce Plaintiff has obtained an order … allowing her to withdraw her consent to join the collective action in the *Talarico* Litigation, Plaintiff would be free, if she chooses, to re-file the instant Complaint." (ECF No. 11.)

On September 6, 2019, Knight moved to voluntarily dismiss her class action claims in *Talarico* under Rule 41(a)(2). In so doing, she advised the court that she intended to pursue individual claims against Public Partnerships. (*Talarico*, ECF No. 188.) Public Partnerships did not oppose her motion. On October 2, 2019, the court granted the motion and removed Knight from the class action. (*Talarico*, ECF No. 189.) Two days later, we denied Public Partnerships' motion to dismiss. (ECF No. 14.)

Meanwhile, the court in *Talarico* held oral argument on the motion for summary judgment on July 10, 2019. (*Talarico*, ECF No. 183.) On January 28, 2020, the court granted the motion and dismissed the action. (*Talarico*, ECF No. 203.) Critical to the court's determination was its conclusion that Public Partnerships was not Talarico's employer for purposes of the FLSA. *See Talarico*, 2020 WL 430845, at *5-9. On February 25, 2020, Talarico filed a Notice of Appeal. (*Talarico*, ECF No. 204.)

On February 28, 2020, Public Partnerships notified this Court of the summary judgment decision in *Talarico* and asserted that collateral estoppel and res judicata preclude Knight's claims in this action. Public Partnerships sought leave to file a second motion to dismiss on these grounds. (ECF No. 27.) After a telephone conference with the parties (ECF No. 30), we granted Public Partnerships' request and entered a briefing schedule. (ECF No. 31.) Public Partnerships filed the present Motion on May 1, 2020. (ECF No. 32.) On June 3, 2020, Knight filed an opposition. (ECF No. 33.) On July 2, 2020, Public Partnerships filed a reply. (ECF No. 34.)

## II.   DISCUSSION

### A.   Collateral estoppel and res judicata do not apply to Knight because she withdrew from the *Talarico* class

Public Partnerships contends that to recover on any of her claims, Knight must establish that Public Partnerships was her employer. Public Partnerships further contends that the court in *Talarico* already decided this issue against her (and others like her), thus warranting application of collateral estoppel and res judicata. We do not reach the merits of whether Public Partnerships was Knight's employer. Rather, we conclude that under the procedural circumstances of this case, collateral estoppel and res judicata do not apply.

"Collateral estoppel prevents the re-litigation of a factual or legal issue that was litigated in an earlier proceeding." *Doe v. Hesketh*, 828 F.3d 159, 171 (3d Cir. 2016). The doctrine applies where:

1) the identical issue was decided in a prior adjudication;

2) there was a final judgment on the merits;

3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and

4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question.

*Id*. (citation omitted). Res judicata, a related doctrine, "bars a claim litigated between the same parties or their privies in earlier litigation where the claim arises from the same set of facts as a claim adjudicated on the merits in the earlier litigation." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014); *Marmon Coal Co. v. Director, Office of Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) ("Res judicata bars a party from initiating a subsequent suit against the same adversary based on the same cause of action as a prior suit."). Both doctrines share "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979).

Pursuant to these doctrines, "a judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984). We must determine if this principle applies to a class member who withdrew from the class before judgment was entered. Few cases address this issue. The consensus among those that do is that:

> [a] defendant cannot use the final judgment in a class action to preclude a party that opted out of the class action from litigating an issue litigated in the class suit (in the

>  defendant's favor) for the simple reason that the party that opted out of the class action was not, therefore, a party to the suit.  Indeed, the entire point of opting out of the class action is to escape the binding effect of the class suit.

6 Newberg on Class Actions § 18:32 (collecting cases).

The Third Circuit appears to agree with this proposition as it relates to both collateral estoppel and res judicata.  In *E.E.O.C. v. U.S. Steel Corp.*, the Third Circuit concluded that when a party opts out of a class, it is not "bound by or entitled to the benefits of the judgment."  921 F.2d 489, 495 (3d Cir. 1990) (recognizing further that a party cannot "remain[] outside the judgment for res judicata purposes while at the same time seeking and enjoying its benefits").  In *Drelles v. Metropolitan Life Ins. Co.*, 357 F.3d 344, 347 (3d Cir. 2003), the Third Circuit held that a settling class action defendant could not enjoin opt-out plaintiffs from conducting discovery in related state court litigation.  *See also Reardon v. ClosetMaid Corp.*, No. 08-1730, 2013 WL 6231606, at *3 n.3 (W.D. Pa. Dec. 2, 2013) (noting that once a party "opts out of a class action, she is completely excluded from the suit, and has no standing to participate or object to any proposed settlement or appeal, but is not bound by the preclusive effect of the class suit and may pursue her own litigation as she sees fit").

Notably, in a Rule 23 class action, a prospective party plaintiff is automatically included in the class unless he "opt[s]-out of the class upon notice of the action."  *Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 523 (M.D. Pa. 2006); *Maddy v. Gen. Elec. Co.*, No. 14-490, 2017 WL 278074, at *2 (D.N.J. June 26, 2017).  However, "prospective class members in a FLSA collective action must affirmatively opt-in to be bound by any judgment." *Maddy*, 2017 WL 278074, at *2; *Otto*, 457 F. Supp. 2d at 523 (noting that "the FLSA expressly limits the scope of class actions for overtime pay by requiring putative collective action members to opt-in

affirmatively to the action" (citing 29 U.S.C. § 216(b))). That was the case here. (*See Talarico*, Ex. B to ECF No. 188.)

Even though Knight was not an opt-out party, the logic of precluding application of collateral estoppel and res judicata still applies. By choosing to leave the class, Knight made clear her intent to pursue her claims individually and avoid the binding effect of the *Talarico* litigation. In its initial motion to dismiss this action, Public Partnerships asserted that "[b]ecause Plaintiff was, through her own affirmative steps, a party plaintiff in the *Talarico* Litigation at the time of the summary judgment motion, it would be patently unfair for Plaintiff to not be bound by the [then-pending] decision." (Br. 8, ECF No. 9-2.) However, Public Partnerships did not oppose Knight's motion to withdraw from *Talarico*, nor did it otherwise raise this issue with the court in *Talarico*. To the contrary, Public Partnerships advised this Court that Knight could pursue her claims individually as long as she obtained a formal Rule 41 dismissal in *Talarico*, which she did. Public Partnerships cannot have it both ways.[1]

### B.   Procedural and pragmatic considerations militate against granting Public Partnerships' Motion at this juncture

There are two additional reasons to deny Public Partnerships' Motion. First, collateral estoppel and res judicata are affirmative defenses. At the 12(b)(6) stage, dismissal on these grounds is only appropriate when the basis for dismissal is apparent on the face of the complaint. *See Brody v. Hankin*, 145 F. App'x 768, 773 (3d Cir. 2005); *Kauffman v. Moss*, 420 F.2d 1270, 1274 (3d Cir. 1970); *Fleer Corp. v. Topps Chewing Gum, Inc.*, 415 F. Supp. 176, 183 (E.D. Pa. 1976). Even on summary judgment, "factual dispute[s] as to the identity of the parties, the

---

[1] Arguably, Rule 41 was not an appropriate vehicle by which to seek removal of a non-representative individual class member from the *Talarico* class action. *See Jackson v. Los Lunas Ctr. For Persons with Developmental Disabilities*, No. 87-839, 2009 WL 10707054, at *2-4 (D.N.M. Aug. 28, 2009). However, given Public Partnerships' positions in *Talarico* and this matter, that issue is moot.

nature of the prior judgment, or the similarity of the issues" may necessitate a trial on these doctrines. *See Scooper Dooper, Inc. v. Kraftco Corp.*, 494 F.2d 840, 847 (3d Cir. 1974). In its Motion, Public Partnerships refers to the "extensive discovery" and "record in the *Talarico* Litigation." (Mot. 7, ECF No. 32-1.) We cannot consider those matters on a motion to dismiss. Public Partnerships also fails to explain how grounds for res judicata or collateral estoppel are evident on the face of Knight's complaint. *See Brody*, 145 F. App'x at 773.

Second, *Talarico* is on appeal. Although the "pendency of an appeal does not affect the potential for res judicata" or collateral estoppel "flowing from an otherwise-valid judgment," courts are encouraged to "postpon[e] decision on the question of preclusion in a second action until the appeal of the first judgment has been concluded." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009); *see also In re Samson Resources Corp.*, 786 F. App'x 364, 367 n.2 (3d Cir. 2019).

### III.   CONCLUSION

We recognize the possibility that Public Partnerships may ultimately prevail in this action on the same grounds as in *Talarico*. Our decision thus risks running contrary to the interests of judicial economy. But judicial economy is not our primary concern. We conclude that collateral estoppel and res judicata do not apply to a class member like Knight who withdraws from the class before judgment is entered and pursues her claims individually in a separate action. We also conclude that even if res judicata and collateral estoppel were potentially applicable here, there would be practical reasons not to consider these doctrines at this juncture.

Accordingly, we will deny Public Partnerships' Motion to Dismiss.  An appropriate order follows.

BY THE COURT:

<u>/s/ R. Barclay Surrick</u>
**R. BARCLAY SURRICK, J.**